FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

97 MAR -7 PM 3:55

U.S. DISTRICT COURT
N.D. OF ALABAMA

BRUCE LUCERO, M.D., et al, )
)
   Plaintiffs, )
)
vs. )  CV 95-PT-0188-S
)
FATHER DAVID TROSCH, et al, )
)
   Defendants. )

**ENTERED**

MAR  7 1997

### FINDINGS OF FACT

This cause came on to be heard on March 3, 1997 at 9:00 a.m. at a recorded hearing. The purpose of the hearing was to conduct an "appropriate inquiry about" and make "<u>factual</u> development of the possibiity that the claim for injunctive relief is moot, whether substitution or joinder of parties is appropriate...."[1] The parties agreed that this court is to only make factual findings. The parties further agreed that there are "live damage claim[s] remaining."

The parties further agree that the only issue of mootness relates to parties, ownership, etc. and not to whether the conduct previously enjoined, continues or would likely continue in the absence of the continued injunction.

### Facts

1.   This action was initiated by Bruce Lucero, M.D., an individual, and New Woman All Woman Health Care as (petitioners) (plaintiffs).

---

[1] See Eleventh Circuit Court of Appeals order of remand.

1

73

2.    Bruce A. Lucero, M.D. P.C., a professional corporation is not and has not been a party to this action by that name or as that entity. Bruce Lucero, M.D., was and is named as a party in his individual capacity.

3.    "New Woman All Woman Health Care" was, at the time this action was filed and until October 1, 1996, the name of a business or profession owned and operated by Bruce A. Lucero, M.D.P.C., a professional corporation. In other words Bruce A. Lucero, M.D.P.C., did business as New Woman All Woman Health Care. The business name, but not the legal entity, is stated as a party plaintiff.

4.    On October 1, 1996, Bruce A. Lucero, M.D.P.C., a professional corporation, sold all of the assets of the business or profession operated as New Woman All Woman Health Care to All Women's, Inc., a corporation. Since on or about that date, All Women's, Inc. has continued to own and operate the said business or profession formerly owned by Bruce A. Lucero, M.D.P.C. All Women's, Inc. acquired the right to use the name New Woman All Woman Health Care and operates the same business or profession in substantially the same manner as was done by said seller professional association.[2] Dr. Lucero no longer works in said operation. Two other physicians do. For a full statement of what was sold, see Px. 4.

5.    After said sale and purchase, the Alabama State Board of Health issued a license to "New Woman All Women Health Care." No other entity name is indicated.

---

[2]There are some references to "New Woman All Woman . . ." and some to "New Woman All Women." The same entity is intended. The same is true with regard to references to "New Woman" and/or "All Women's" when the latter term was used prior to the sale by the seller.

2

6. The court simply calls attention to Dx. 1. The business is still operating.

7. One or more former employees of Bruce A. Lucero, M.D.P.C., d/b/a New Woman All Woman Health Care, are still employed in the same capacit(ies) by All Women's, Inc. doing business as New Woman All Women Health Care.

8. Factually, All Women's, Inc., as the owner and operator of New Woman All Women Health Care, is the successor to said ownership and operation by Bruce A. Lucero, M.D.P.C., a professional corporation.

9. Neither Bruce Lucero nor his immediate family now reside in Alabama nor own or operate New Woman All Women Health Care.

While only "factual development" was referred to this court, the court notes the following possible legal issues, inter alia.

a. Has Bruce A. Lucero, M.D.P.C., professional corporation, been a party to this action by virtue of the naming of New Woman All Woman Health Care under which name the professional corporation did business?

b. Does the protection of the injunction extend to All Women's, Inc. which is not a party to this action but which acquired the name and other assets of New Woman All Women Health Care and continues to operate its business in substantially the same manner?[3]

---

[3] Again, it should be noted that some references to "All Woman" and "All Women" are intended to reference the same business or profession except that All Women's, Inc. is a corporate entity which was the purchaser in the referenced sales agreement. New Woman All Women Health Care is not and has not been a legal entity as such. It is a trade name used both by said professional corporation and the purchaser.

3

The Clerk is to mail a copy of these findings to the Clerk of the Eleventh Circuit Court of Appeals and to Judges Anderson, Cox and Roney of that court and to the parties. The Clerk is to direct the court reporter to file a transcript of the March 3, 1997 hearing with the Clerk of the Eleventh Circuit Court of Appeals. The Clerk is to forward the exhibits admitted at said hearing to the Clerk of the Eleventh Circuit Court of Appeals if that is the usual procedure.[4]

**DONE** and **ORDERED** this ____ day of March, 1997.

*/s/ Robert B. Propst*
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[4] In arriving at the foregoing facts, the court has not considered Dr. Lucero's affidavit, but the evidence otherwise supports his allegations therein.

4